**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5064**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE GRAHAM, III, a/k/a G,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:08-cr-00049-JPB-DJJ-2)

Submitted: May 28, 2009        Decided: June 2, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Jacob A. Manning, DINSMORE & SHOHL, LLP, Wheeling, West Virginia, for Appellant. Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Graham, III, pled guilty pursuant to a written plea agreement to possession with intent to distribute 9.03 grams of cocaine base and was sentenced to 46 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising one issue: whether the district court plainly erred by accepting Graham's guilty plea. Despite notice, Graham has not filed a pro se supplemental brief. For the reasons that follow, we dismiss in part and affirm in part.

There is a pending motion by the Government to dismiss the appeal. We grant the motion in part, noting that the record reveals that Graham knowingly and voluntarily waived his right to appeal his sentence in his plea agreement and that this waiver was specifically reviewed by the magistrate judge at Graham's plea hearing in compliance with Fed. R. Crim. P. 11. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Moreover, we find no exceptions to the waiver rule as the sentence imposed was not in excess of the statutory maximum, United States v. General, 278 F.3d 389, 399-400 (4th Cir. 2002), there is no evidence that the sentence was based on a constitutionally impermissible factor, Marin, 961 F.2d at 496,

2

and there is no indication that the proceedings were conducted in violation of the Sixth Amendment right to counsel. United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994). Accordingly, we dismiss the appeal of Graham's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Graham's conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART